AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Missouri

<table>
<tr><td>In the Matter of the Search of<br><br>INFORMATION ASSOCIATED WITH SCREEN/USERNAME<br>hoosedon#7810 AND hoosedon#1885 WHICH ARE STORED AT<br>PREMISES CONTROLLED BY DISCORD, INC.</td><td>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 4:20 MJ 7126 SPM</td></tr>
</table>

<div style="border:1px solid red">

**FILED**

APR 16 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

</div>

### APPLICATION FOR A SEARCH WARRANT

I, _____David Rapp_____, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____NORTHERN_____ District of _____CALIFORNIA_____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2251, 2252, and 2252A | Sexual exploitation of minors |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under the penalty of perjury that the foregoing is true and correct.

_____
*Applicant's signature*

David Rapp, Special Agent
*Printed name and title*

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: _____04/16/2020_____

_____
*Judge's signature*

City and state: St. Louis, MO

Honorable Shirley Padmore Mensah, U.S. Magistrate Judge
*Printed name and title*

AUSA: Colleen C. Lang

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH SCREEN/USERNAME hoosedon#7810 AND hoosedon#1885 WHICH ARE STORED AT PREMISES CONTROLLED BY DISCORD, INC. | ) <br> )   No. 4:20 MJ 7126 SPM <br> ) **SIGNED AND SUBMITTED TO THE** <br> ) **COURT FOR FILING BY RELIABLE** <br> ) **ELECTRONIC MEANS** <br> ) <br> )   FILED UNDER SEAL |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, David Rapp, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) and Federal Criminal Procedure 41 for information associated with a certain account that is stored at premises controlled by Discord, Inc., an freeware application headquartered at 444 De Haro Street, Suite 200, San Francisco, CA 94107 (hereinafter referred to as "the Provider"). The information to be searched is described in the following paragraphs and in Attachment A. The search warrant would require the Provider to disclose to the United States copies of the information (including the content of communications) further described in Attachment B. Upon receipt of the information described in Section I of Attachment B, United States-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation's ("FBI") Violent Crimes Against Children Task Force. I have been an FBI agent for approximately 19 years. I have

conducted numerous investigations regarding the sexual exploitation of children that involve the use of a computer which has been used to commit a crime in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A. As an FBI Special Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have been personally involved in the execution of search warrants to search residences and seize material relating to the sexual exploitation of minors including computers, computer equipment, software, and electronically stored information. I have experience utilizing computers during my career as an investigator and I have completed trainings and other courses in computer crime investigation.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 2251, 2252 and/or 2252A have been committed by Kenneth James Tinker and/or unknown persons. There is also probable cause to search the location described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## LOCATION TO BE SEARCHED

5.      The location to be searched is: hoosedon#7810 and hoosedon#1885 (hereinafter referred to as the "Subject Accounts"), located at Discord, Inc., 444 De Haro Street, Suite 200, San Francisco, CA 94107, further described in Attachment A.  The items to be reviewed and seized are described in Attachment B.

**JURISDICTION**

6.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**BACKGROUND CONCERNING DISCORD, INC.**

7.      In my training and experience, I have learned that the Provider provides a variety of on-line services, as Discord is a proprietary freeware VoIP application and digital distribution platform designed for video gaming communities, that specializes in text, image, video and audio communication between users in a chat channel. Discord runs on Windows, macOS, Android, iOS, Linux, and in web browsers. Subscribers obtain an account by registering with the Provider. During the registration process, the Provider asks subscribers to provide basic personal information. Therefore, the computers of the Provider are likely to contain information concerning subscribers and their use of the Provider services, such as account access information, transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

8.      In my training and experience, application providers such as Discord, Inc. generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because

3

the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

9.      In my training and experience, application providers such as Discord, Inc. typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

10.     In my training and experience, in some cases, account users will communicate directly with an application provider such as Discord, Inc. about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. These application providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

4

11.    As explained herein, information stored in connection with an application account on Discord, Inc. may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, the information stored in connection with an application on Discord, Inc. can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.  Further, information maintained by the application provider can show how and when the account was accessed or used.  For example, as described below, application providers typically log the Internet Protocol (IP) addresses from which users access the account, along with the time and date of that access.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the application account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via the application).  Last, stored electronic data may provide relevant insight into the application account owner's state of mind as it relates to the offense under investigation. For example, information in the application account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

12.     In general, communications that are sent through the application are stored in the subscriber's account on the Provider's servers until the subscriber deletes them. If the subscriber does not delete the message, the message can remain on the Provider's servers indefinitely. Even if the subscriber deletes the communication(s), they may continue to be available on the Provider's servers for an extended period of time and, in some circumstances, indefinitely.

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

13.     Most individuals who collect child pornography are sexually attracted to children, as their sexual arousal patterns and erotic imagery focus, in part or in whole, on children. The collection may be exclusively dedicated to children of a particular age/gender or it may be more diverse, representing a variety of sexual preferences involving children. Collectors of child pornography express their attraction to children through the collection of sexually explicit materials involving children, as well as other seemingly innocuous material related to children.

14.     The above-described individuals may derive sexual gratification from actual physical contact with children, as well as from fantasy involving the use of pictures or other visual depictions of children or from literature describing sexual contact with children. The overriding motivation for the collection of child pornography may be to define, fuel, and validate the collector's most cherished sexual fantasies involving children.

15.     Visual depictions may range from fully clothed depictions of children engaged in non-sexual activity to nude or partially nude depictions of children engaged in explicit sexual activity. In addition to child pornography, these individuals are also highly likely to collect other paraphernalia related to their sexual interest in children. This other material is sometimes referred to as "child erotica," further defined as any material relating to children that serves a sexual purpose for a given individual. "Child erotica" is broader and more encompassing than child pornography,

though at the same time the possession of such corroborative material, depending on the context in which it is found, may be behaviorally consistent with the offender's orientation toward children and indicative of his/her intent. "Child Erotica" includes things such as fantasy writings, letters, diaries, books, sexual aids, souvenirs, toys, costumes, drawings, cartoons and non-sexually explicit visual images.

16.     Child pornography collectors often reinforce their fantasies by taking progressive, overt steps aimed at turning such fantasy(ies) into reality in some, or all, of the following ways: collecting and organizing their child-related material; masturbating while viewing child pornography; engaging children, online and elsewhere, in conversations, sometimes sexually explicit conversations, to fuel and fortify the fantasy; interacting, both directly and indirectly, with other like-minded adults through membership in organizations catering to their sexual preference for children, thereby providing a sense of acceptance and validation within a community; gravitating to employment, activities and/or relationships which provide access or proximity to children; and frequently persisting in the criminal conduct even when they have reason to believe the conduct has come to the attention of law enforcement. These are need driven behaviors to which the offender is willing to devote considerable time, money, and energy in spite of risks and contrary to self-interest.

17.     Child pornography collectors almost always maintain and possess their material(s) in the privacy and security of their homes or some other secure location, to include Internet cloud storage. The collection may include sexually explicit or suggestive materials involving children, such as photographs, magazines, narratives, motion pictures, video tapes, books, slides, drawings, computer images or other visual media. The collector is often aroused while viewing the collection

7

and, acting on that arousal, he/she often masturbates, thereby fueling and reinforcing his/her attraction to children.

18.    Due to the fact that the collection reveals the otherwise private sexual desires and intent of the collector and represents his most cherished sexual fantasies, the collector rarely disposes of the collection. The collection may be culled and refined over time, but the size of the collection tends to increase. Individuals who use a collection in the seduction of children or to document the seduction of children treat the materials as prized possessions and are especially unlikely to part with them. Even if a child pornography collector deletes files from his hard drive or other electronic media, a computer expert is often able to retrieve those files using computer forensic tools.

## PROBABLE CAUSE

19.    On October 11, 2019, Discord submitted CyberTipline Report #56990009 to the National Center for Missing and Exploited Children ("NCMEC"). Discord is a proprietary freeware VoIP application and digital distribution platform designed for video gaming communities that specializes in text, image, video and audio communication between users in a chat channel. Discord runs on Windows, MacOS, Android, iOS, Linux, and in web browsers. Referenced report identifies that an image depicting child pornography was uploaded to a Discord account created by Email Address: hoosedon@yahoo.com; Screen/User Name: hoosedon#7810; ESP User ID: 626229205939781632 on October 1, 2019, using an AT&T Wireless IP address. Affiant reviewed this image of child pornography and it depicts a naked prepubescent female lasciviously displaying her genitals.

20.    On October 14, 2019, Discord submitted Cyber Tip Report #57150685 to NCMEC, which reported that Email Address: hoosedon@yahoo.com; Screen/User Name: hoosedon#7810;

8

ESP User ID: 626229205939781632 had uploaded an image depicting child pornography on October 8, 2019, using an AT&T Wireless IP Address. Affiant reviewed this image of child pornography and observed it depicts a pant-less, prepubescent female sitting on top of an adult male's legs with his erect penis resting against the outside of her vagina.

21.     On October 15, 2019, Discord submitted Cyber Tip Report #577153377 to NCMEC, which reported Email Address: hoosedon@yahoo.com; Screen/User Name: hoosedon#7810; ESP User ID: 626229205939781632 had uploaded five files depicting child pornography on October 9, 2019, using an AT&T Wireless IP Address. Affiant reviewed these photographs and observed them to depict: a) a topless toddler-aged female with the words "Fuck Me" written in ink on her chest with her mouth in close proximity of two erect adult penises; b) two photographs of topless prepubescent females performing oral sex on erect adult penises; c) a video of a man ejaculating his erect penis into the mouth of a toddler-aged female child; and d) a pant-less prepubescent female on top of a younger, possibly juvenile male with his penis inserted into her vagina.

22.     On October 15, 2019, Discord submitted Cyber Tip Report #57153312 to NCMEC that reported that Email Address: hoosedon@yahoo.com; Screen/User Name: hoosedon#7810; ESP User ID: 626229205939781632 had uploaded five images depicting child pornography on October 9, 2019 using an AT&T Wireless IP Address. Affiant reviewed these five images and determined them to be the same photographs that were referenced in Cyber Tip Report #577153377.

23.     On October 16, 2019, Discord submitted Cyber Tip Report #57184363 to NCMEC that a user of the Email Address of kentinker745@gmail.com; Screen/User Name: hoosedon#1885; ESP User ID: 632748289548222507 had uploaded an image depicting child

pornography to the "hoosedon#1885" Discord account on October 15, 2019, using an AT&T Wireless IP Address. Affiant reviewed this photograph and observed a prepubescent or possibly toddler-aged female with her hands wrapped around an erect penis while placing her tongue on the top of the penis.

24.      On November 14, 2019, an administrative subpoena, along with a non-disclosure order, was served by Agents from the FBI Criminal Investigative Division to Oath Holdings to provide information pertaining to Email Address: hoosedon@yahoo.com. On November 18, 2019, Oath Holdings responded with the following information:

Target: hoosedon

Brand: Yahoo

Login ID(s):  hoosedon

Mail Name: hoosedon@yahoo.com

Account Status: active

Registration IP Address: 107.77.173.8

Account Created (reg): Wednesday, September 25, 2019 01:28:57 UTC

Full Name:  Don Hoose

Phones: +16366278536 Verified

25.      On November 18, 2019, an administrative subpoena was served to AT&T by Agents of the FBI Criminal Investigative Division to provide information pertaining to telephone number 636-627-8536. On November 18, 2019, AT&T responded with the following information:

BILLING PARTY

Account Number: 739535240

Name: KENNETH TINKER

Billing Address: 49 SHARON DR, SAINT CHARLES, MO 63303

Account Status: SUSPENDED Billing Cycle: 17

USER INFORMATION

MSISDN: (636) 627-8536 IMSI: 310150724742319

MSISDN Active: 12/28/2018 - Current

MSISDN Status: Suspended

Name: KENNETH TINKER

User Address: 49 SHARON DR, SAINT CHARLES, MO 63303

Service Start Date: 12/28/2018 Dealer Info: 80102101

26.    On April 6, 2020, this affiant received information from Google, Inc. that the Gmail email address: kentinker745@gmail.com was registered by user "Ken Tinker" and created on: December 28, 2018, from IP address: 107.77.173.12.   The last attempt to login into the kentinker745@gmail.com email account was on March 22, 2020.   This was listed as a failed attempt to login.   Google, LLC, reported the phone numbers associated with the Gmail account are 636-627-8536 and 636-377-8310.

27.    In total there were (5) Cyber Tip Reports from Discord that relate back to Kenneth Tinker or his phone number.   All of these reports were submitted to NCMEC between October 11, 2019, and October 16, 2019, and contained a total of 13 images depicting child pornography which were uploaded to Discord accounts by email addresses using the following identifiers:   a) "hoosedon#7810" with Email Address hoosedon@yahoo.com and b) "hoosedon#1885" with Email Address kentinker745@gmail.com.

28.    By way of background, United States law, Title 18, United States Code §2258A, requires Electronic Service Providers and Internet Service Providers to report any instances that

11

violate federal laws regarding the sexual exploitation of children. This law identifies NCMEC as the central repository for these reports and further permits NCMEC to share this information with law enforcement.

29.     A review of Kenneth James Tinker's criminal history identified him as a Tier Level 3 sex offender.  According to Tinker's sex offender registry, he was convicted in December 2009 for statutory sodomy in the first degree involving an 8-year-old victim and sexual misconduct involving a 10-year-old victim. Tinker is currently on state parole relative to this past conviction.

30.     Your affiant seeks permission to search the contents of the above account, which is detailed in Attachment A and is currently stored at premises owned, maintained, controlled, or operated by Discord, Inc., 444 De Haro Street, Suite 200, San Francisco, CA 94107.

31.     Law enforcement previously sent Discord Inc. a 90 day preservation request dated February 10, 2020 to preserve the content of the account.

## CONCLUSION

21.     Based on the forgoing, I request that the Court issue the proposed search warrant. The United States will execute this warrant by serving the warrant on the Provider.  Because the warrant will be served on the Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

22.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution,

destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

I state under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

DAVID RAPP
Special Agent
Federal Bureau of Investigation

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 this April ____16th____, 2020.

HONORABLE SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE

13

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the following accounts:

1. hoosedon#7810, ESP User ID 626229205939781632 associated with email hoosedon@yahoo.com

2. Hoosedon1885, ESP User ID 632748289548222507 associated with email kentinker@gmail.com

Both of these accounts are stored at premises owned, maintained, controlled, or operated by Discord, Inc., a company headquartered at 444 De Haro Street, Suite 200, San Francisco, CA 94107.

## **ATTACHMENT B**

### **Particular Things to be Seized**

I.        **Information to be disclosed by Discord, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.        The content of all communications sent to or from the account, stored in draft form in the account, or otherwise associated with the account, including all message content, attachments, and header information;

b.        All address book, contact list, or similar information associated with the account;

c.        Full search history

d.        All bookmarks maintained by the account;

e.        All services used by the account;

f.        All subscriber and payment information, including full name, e-mail address (including any secondary or recovery email addresses), physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, telephone number, websites, screen names, user identification numbers, security questions and answers, registration IP address, payment history, and other personal identifiers;

g.        All past and current usernames, account passwords, and names associated with the

2

account;

      h.     The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

      i.     All transactional records associated with the account, including any IP logs or other records of session times and durations;

      j.     Any information identifying the device or devices used to access the account, including a device serial number, a GUID or Global Unique Identifier, Android ID, a phone number, serial numbers, MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"), and any other information regarding the types of devices used to access the account;

      k.     All activity logs for the account;

      l.     All photos and videos uploaded to the account

      m.     All photos and videos uploaded by any user that have that user tagged in them;

      n.     All location and maps information;

      o.     The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

      p.     All privacy settings and other account settings, including email addresses or other accounts that the account has blocked;

      q.     <u>Advertising and Device Data:</u>  All advertising data relating to the account, including, but not limited to, advertising cookies, information regarding unique advertising IDs

3

associated with the user, any devices used to access the account, Android IDs, application IDs, UDIDs, payment information (including, but not limited to, full credit card numbers and expiration dates and PayPal accounts), ads clicked, and ads created;

      r.    <u>Linked Accounts:</u>  All accounts linked to the Target Account (including where linked by machine cookie or other cookie, creation or login IP address, recovery email or phone number, AOL account ID, Android ID, SMS, Apple ID, or otherwise);

      s.    For accounts linked by cookie, the date(s) on which they shared a cookie;

      t.    For accounts linked by SMS number, information regarding whether the numbers were verified; and

      u.    <u>Customer Correspondence:</u>  All records pertaining to communications between the Service Provider and any person regarding the user or the user's account with the Service Provider, including contacts with support services, records of actions taken, and investigative or user complaints concerning the subscriber; and

      v.    For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

The Provider is hereby ordered to disclose the above information to the government within **14 DAYS** of the issuance of this warrant.

## II.    <u>Information to be seized by the government</u>

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18, United States Code, Sections 2251, 2252, and/or 2252A (which criminalize, among other things, the production, possession and/or receipt, and shipment of child pornography, and other related materials) (hereinafter referred to as "the subject offenses"), occurring from <u>October 1, 2019 through present</u>, or relating to Kenneth James Tinker

4

including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

    (a) Evidence, including video or image files, relating to any person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct;

    (b) Evidence relating to any person knowingly persuading, inducing, enticing, or coercing any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged;

    (c) Evidence relating to any person knowingly transporting, distributing, possessing, or receiving child pornography, as defined at 18 U.S.C. § 2256(8);

    (d) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime(s) under investigation and to the email account owner;

    (e) Evidence indicating the email account owner's state of mind as it relates to the crime(s) under investigation;

    (f) The identity of the person(s) who created or used the account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any United States personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, analysts, attorney

support staff, and technical experts.  Pursuant to this warrant, the investigating agents may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the United States and their support staff for their independent review.

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC</u> <u>RECORDS PURSUANT TO FEDERAL RULES OF</u> <u>EVIDENCE 902(11) AND 902(13)</u>

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Discord Inc.,** and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **Discord Inc.** The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)].** I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **Discord Inc**, and they were made by **Discord Inc.** as a regular practice; and

b. such records were generated by **Discord Inc.'s** electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **Discord Inc.** in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by **Discord Inc.,** and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____
Date                                            Signature